UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>        Plaintiff,<br><br>   vs.<br><br>J. GARCIA, et al.,<br><br>        Defendants. | 1:19-cv-00461-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br>(ECF No. 2.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 9, 2019. (Doc. 1.)

On April 9, 2019, Plaintiff filed a motion for an emergency temporary restraining order, which the court construes as a request for preliminary injunctive relief. (ECF No. 2.)

**II.    PRELIMINARY INJUNCTIVE RELIEF**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id.

1

at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

### III. PLAINTIFF'S REQUEST

Plaintiff requests a court order directing officials at the California Department of Corrections and Rehabilitation to order the Warden at Kern Valley State Prison (KVSP) in Delano, California, where Plaintiff is incarcerated, to place Plaintiff on permanent single cell housing status. Plaintiff also requests an order directing officials at KVSP to transport Plaintiff to Atascadero State Hospital in protective custody. Plaintiff seeks protection from harassment, reprisal tactics, or other threats made because he filed a civil complaint, as well as excessive force and false charges against him. Plaintiff alleges that other inmates have attacked him, and defendant Garcia threw a pepper spray grenade at Plaintiff that exploded and injured him.

**Analysis**

Plaintiff filed the Complaint for this action on April 9, 2019, and the Complaint awaits the court's screening. The Court therefore cannot opine that Plaintiff is likely to succeed on the merits of his claims. Furthermore, no defendants have yet appeared in this action, and the court does not have jurisdiction to order injunctive relief which would require directing individuals not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

The court also lacks jurisdiction to issue the order sought by Plaintiff because such an order would not remedy any of the claims upon which this case proceeds. This case was filed

against defendants at KVSP based on events occurring before Plaintiff filed the Complaint. Plaintiff now requests a court order for prospective relief to protect him from future threats by defendants and other inmates. Because such an order would not remedy any of the claims in this case which are based upon past events, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

Plaintiff is not precluded from renewing the motion at a later stage of the proceedings.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on April 9, 2019, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 10, 2019**          /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE