UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM, | 1:19-cv-00461-AWI-GSA-PC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (ECF No. 11.)** |
| vs. | |
| J. GARCIA, et al., | |
| Defendants. | |

## I. BACKGROUND

Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 9, 2019. (ECF No. 1.)

On June 6, 2019, Plaintiff filed a request for judicial notice, which is now before the court. (ECF No. 11.) Local Rule 230(*l*).

## II. REQUEST FOR JUDICIAL NOTICE

Rule 201(d) of the Federal Rules of Evidence governs judicial notice. The content of records and reports of administrative bodies are proper subjects for judicial notice under Rule

201(d). Interstate Natural Gas Co. v. S. Cal. Gas Co., 209 F.2d 380, 385 (9th Cir.1953). A court may also take judicial notice of the contents of public records. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, "[c]ourts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)). "Facts are indisputable, and thus subject to judicial notice, only if they either 'generally known' . . . or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned[.]" Id. at 909.

Plaintiff requests the court to take judicial notice of copies of original CDCR archived business records and the facts contained within those records. Plaintiff submits his personal declarations in support of the authenticity of the records and the facts therein. Plaintiff asserts that the records are relevant to his motion for temporary restraining order, motion for appointment of counsel and Complaint.

The records consist of: 1) a response to Plaintiff's letter dated February 3, 2019 from Kern Valley State Prison's associate warden; 2) a response to Plaintiff's 602 appeal log no. KVSP-0-18-02112 at the second level of review by the appeals coordinator; 3) Plaintiff's 602 prison appeal log no. KVSP-0-18-02112; 4) a response to Plaintiff's letter dated June 11, 2018 from KVSP's associate warden; 5) Plaintiff's CDCR 22 Request for Interview dated June 11, 2018 and response by KVSP staff; 6) Second level response dated January 4, 2019, to Plaintiff's prison appeal log no. KVSP-0-18-01900; 7) Plaintiff's prison appeal log no. KVSP-0-18-01900; 8) Letter dated January 2, 2019 confirming receipt of Plaintiff's appeal log no. KVSP-0-18-01900 at the third level of review; 9) Second level response dated January 13, 2019, to Plaintiff's prison appeal log no. KVSP-0-18-01900; 10) Record of Plaintiff's annual review before the Classification Committee dated November 5, 2013; 11) Mental Health Treatment Plan for Plaintiff; 12) CDCR 22 Request for interview by Plaintiff regarding Plaintiff's mental health; 13) Memo to associate directors addressing inmate housing assignment considerations during the screening and housing process; 14) Partial record of Plaintiff's history at KVSP; 15) Third level response to Plaintiff's 602 appeal log no. 1801805; 16) Third level response to Plaintiff's 602 appeal log no. RJD-17-06650; 17) Plaintiff's prison

appeal log no. RJD-17-06650; 18) Inmate declarations in support of Plaintiff's claims; 19); Third level response to Plaintiff's 602 appeal log no. OOA-18-01805 dated October 10, 2018; 20) Third level response to Plaintiff's 602 appeal log no. OOA-18-01805 dated July 5, 2018; and, 21) Plaintiff's prison appeal log no. OOA-18-01805.

## III. DISCUSSION

The documents pertaining to exhaustion of remedies through prison appeals are part of a state administrative proceeding and can be judicially noticed as public records. <u>Ritchie</u>, 342 F.3d at 909.) However, the court cannot discern what relevance these documents have to the issues raised by Plaintiff's motion for temporary restraining order, or motion for appointment of counsel. Further, none of other documents submitted by Plaintiff for judicial notice are matters of public record containing facts that are not subject to reasonable dispute. The facts contained in the records are not either generally known, or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned, and therefore are not subject to judicial notice. The court shall not take judicial notice of prison medical records absent a showing that the medical records were matters of public record. Therefore, Plaintiff's request for judicial notice shall be denied.

To the extent that Plaintiff seeks to add his exhibits to the Complaint, Plaintiff may not add supporting exhibits in this manner. Under Local Rule 220, Plaintiff may not amend the Complaint by adding exhibits submitted separately from the Complaint. To add information, or make a correction to the Complaint, Plaintiff must file an amended complaint which is complete in itself, without reference to prior complaints. Therefore, to add exhibits to the Complaint, Plaintiff must file a First Amended Complaint, complete in itself, with the exhibits attached.[1]

///

---

[1] Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has not amended the complaint, and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course.

**IV.  CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for judicial notice, filed on June 6, 2019, is DENIED.

IT IS SO ORDERED.

Dated:  __June 21, 2019__              _____/s/ Gary S. Austin__
                                            UNITED STATES MAGISTRATE JUDGE