UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>          Plaintiff,<br><br>     vs.<br><br>J. GARCIA, et al.,<br><br>          Defendants. | 1:19-cv-00461-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF Nos. 23, 26, 27, 28.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 9, 2019.  (ECF No. 1.)

On June 1, 2020, the court screened the Complaint and issued an order for Plaintiff to either file an amended complaint or notify the court of his willingness to proceed on the claims found cognizable by the court, within thirty days.  (ECF No.19.)  On June 22, 2020, Plaintiff filed a motion for extension of time to file an amended complaint (ECF No. 20), and on June 25, 2020, the court granted Plaintiff a sixty-day extension of time (ECF No. 22).

On July 9, 2020, and again on July 31, 2020, August 10, 2020, and August 14, 2020 Plaintiff filed motions for preliminary injunctive relief.  (ECF Nos. 23, 26, 27, 28.)

1

## II. PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

## III. PLAINTIFF'S REQUESTS

Plaintiff seeks court orders securing his legal property, protecting him from his enemies, preventing officers from retaliating against him, transferring him to protective custody or to Atascadero State Prison, providing him with a wheelchair, allowing him to be single-celled, never housing him at Kern Valley State Prison or North Kern State Prison, and preventing officers from harassing or threatening him. These are all requests to either restrain prison personnel from acting, or require them to act on Plaintiff's behalf.

**Analysis**

Plaintiff is expected to file his First Amended Complaint later this month, and the Court must screen it for cognizable claims before the case can proceed. The Court therefore cannot opine at this juncture whether Plaintiff is likely to succeed on the merits of his claims. Furthermore, no defendants have yet appeared in this action and hence the court does not have jurisdiction to order injunctive relief which would require directing individuals not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over

the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

In addition, the court also lacks jurisdiction to issue the orders sought by Plaintiff because such orders would not remedy any of the claims upon which this case proceeds.  This case was filed against defendants at Kern Valley State Prison based on events occurring before Plaintiff filed the Complaint.  Plaintiff now requests a court order for prospective relief to protect him from present and future misconduct by prison personnel.  Because such an order would not remedy any of the claims in this case, which are based upon past events, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motions must be denied.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motions for preliminary injunctive relief, filed July 9, 2020, July 31, 2020, August 10, 2020, and August 14, 2020 be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **August 17, 2020**                              **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE