UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>        Plaintiff,<br><br>    vs.<br><br>J. GARCIA, et al.,<br><br>        Defendants. | 1:19-cv-00461-AWI-GSA-PC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 18.)** |

Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 9, 2019. (ECF No. 1.)

**I.     BACKGROUND**

On April 9, 2019, Plaintiff filed a motion for an emergency temporary restraining order, which the court construed as a request for preliminary injunctive relief. (ECF No. 2.) On June 10, 2019, the assigned magistrate judge entered findings and recommendations, recommending that Plaintiff's motion be denied. (ECF No. 10.) Plaintiff was granted fourteen days in which to file objections to the findings and recommendations. (Id.) The fourteen-day time period expired and Plaintiff did not file objections or any other response to the findings and recommendations. On July 31, 2019, the district court adopted the findings and recommendations in full and denied Plaintiff's motion for preliminary injunctive relief. (ECF No. 13.)

On August 16, 2019, Plaintiff filed a motion for administrative relief. (ECF No. 14.) In the motion, Plaintiff asserted that he received the district court's order of July 31, 2019, denying his motion for preliminary injunctive relief, but he never received the findings and recommendations entered on June 10, 2019. Plaintiff requested a copy of the findings and

recommendations and the opportunity to file objections to the findings and recommendations. On October 17, 2019, the court granted Plaintiff's motion and granted him leave to file objections within thirty days. (ECF No. 15.) On November 18, 2019, Plaintiff requested an extension of time to file objections, which was granted on November 21, 2019. (ECF Nos. 16, 17.)

On November 25, 2019, Plaintiff filed objections to the findings and recommendations, which the court now construes as a motion for reconsideration of the district court's order adopting the findings and recommendations. (ECF No. 18.)

## II.   MOTION FOR RECONSIDERATION

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

## III.   DISCUSSION

As the magistrate judge correctly stated in the findings and recommendations, the court lacks jurisdiction to grant Plaintiff's motion for prospective relief[1] because such an order would

---

[1] In his motion for preliminary injunctive relief filed on April 9, 2019, Plaintiff requests to be placed on permanent single cell housing status and to be transported to Atascadero State Hospital in protective custody. Plaintiff also seeks protection from harassment, reprisal tactics, or other threats made because he filed a civil complaint, as well as protection from excessive force and false charges against him.

not remedy any of Plaintiff's claims in this case, which are based on past events. Plaintiff does not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the Court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on November 25, 2019, is DENIED; and

2. The district court's order issued on July 31, 2019, which adopted the magistrate judge's findings and recommendations and denied Plaintiff's motion for preliminary injunctive relief, remains in full force and effect.

IT IS SO ORDERED.

Dated:  October 8, 2020

SENIOR DISTRICT JUDGE