UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>         Plaintiff,<br><br>   vs.<br><br>J. GARCIA, et al.,<br><br>         Defendants. | **1:19-cv-00461-AWI-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS,<br>RECOMMENDING THAT PLAINTIFF'S<br>MOTION FOR PRELIMINARY<br>INJUNCTIVE RELIEF BE DENIED<br>(ECF No. 44.)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN<br>DAYS** |

**I.      BACKGROUND**

Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On April 9, 2019, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On February 8, 2021, plaintiff filed a document titled "Emergency Motion for Administrative Relief Protection," which the court construes as a motion for preliminary injunctive relief.  (ECF No. 44.)

**II.     PRELIMINARY INJUNCTIVE RELIEF**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008).  An

injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.

**Analysis**

Plaintiff seeks a court order requiring defendants Diaz, Pfeiffer, and other prison officials to transfer Plaintiff to Atascadero State Mental Health Hospital together with Plaintiff's personal property and litigation materials; to provide Plaintiff with an ADA wheelchair; to affix an "S" suffix permanently single-celling Plaintiff; and, to refrain from harassing or retaliating against Plaintiff.

The court lacks jurisdiction to compel prison officials at Kern Valley State Prison to act on Plaintiff's behalf as Plaintiff requests because such an order would not remedy any of the claims upon which this case proceeds.  This case concerns Plaintiff's allegations that Plaintiff was subjected to excessive force, discrimination, retaliation, failure to protect him, and inadequate medical care, and conspiracy to murder him, which allegedly occurred prior to Plaintiff filing this case on April 9, 2019.

Plaintiff now requests a court order transferring him and protecting him from present and future actions by prison officials.  Because such an order would not remedy any of the claims in this case, which are based upon events occurring before April 9, 2019, the court lacks jurisdiction to issue the order sought by Plaintiff, thus Plaintiff's motion must be denied.

**III.    CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on February 8, 2021, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 12, 2021**                             **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE