UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>          Plaintiff,<br><br>     vs.<br><br>J. GARCIA, et al.,<br><br>          Defendants. | 1:19-cv-00461-AWI-GSA-PC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 67.)** |

**I.     BACKGROUND**

Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On August 18, 2021, Plaintiff filed objections to the court's order issued on July 22, 2021. (ECF No. 67.) The court construes these objections as a motion for reconsideration of the July 22, 2021 order.

**II.    MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**III.    DISCUSSION**

The court has reviewed Plaintiff's motion and finds that Plaintiff has not set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

///

///

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on August 23, 2021, is DENIED.

IT IS SO ORDERED.

    Dated:   **August 31, 2021**                               **/s/ Gary S. Austin**
                                                                                      UNITED STATES MAGISTRATE JUDGE