UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GARCIA, et al.,<br><br>　　　　Defendants. | **1:19-cv-00461-NONE-GSA-PC**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY AND MODIFY DISCOVERY AND SCHEDULING ORDER**<br>**(ECF No. 75.)**<br><br>**ORDER IMPOSING STAY OF MERITS-BASED DISCOVERY AND VACATING THE DISCOVERY AND DISPOSITIVE MOTION DEADLINES PENDING RESOLUTION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO MOTION FOR SUMMARY JUDGMENT WITHIN THIRTY DAYS** |

**I.　　BACKGROUND**

Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds with the Second Amended Complaint filed on September 8, 2020, against defendant J. Garcia ("Defendant") for use of excessive force and failure to protect Plaintiff in violation of the Eighth Amendment, and for conspiracy.  (ECF No. 34.)

On September 22, 2021, the Court issued a Discovery and Scheduling Order establishing a deadline of February 22, 2022, for the parties to complete discovery, and a deadline of April 22, 2022 for the filing of dispositive motions.  (ECF No. 71.)

On November 9, 2021, Defendant Garcia filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies, (ECF No. 74), and a motion to stay discovery and modify the Discovery and Scheduling order, (ECF No. 75).  Plaintiff has not filed an opposition to either motion.

Defendant's motion to stay discovery and modify the Discovery and Scheduling Order is now before the court.  Local Rule 230(*l*).

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant requests the court to stay merits-based discovery and vacate the discovery and dispositive motion deadlines in the court's Discovery and Scheduling Order, pending resolution of Defendant's motion for summary judgment based on exhaustion.  Defendant argues that good cause exists to grant the motion because (1) Defendant exercised due diligence in bringing the motion for summary judgment and the instant motion before the close of discovery; (2) vacating these deadlines will avoid the expenditure of resources by the parties in conducting discovery and filing motions concerning the merits of the case, and (3) there is a good possibility that the motion for summary judgment will dispose of the case in its entirety.

The court finds good cause to impose a stay on merits-based discovery in this action for all parties pending resolution of the motion for summary judgment.  It would be an efficient use of the court's and the parties' resources to address exhaustion issues before reaching the merits of the case.  Moreover, a stay of merits-based discovery does not prevent the parties from conducting any further discovery needed to address the exhaustion issue.  Plaintiff has not

opposed Defendant's motion and the court finds that a stay granted a will not result in prejudice to Plaintiff.

### III. PLAINTIFF'S OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT

Defendant J. Garcia filed a motion for summary judgment on November 9, 2021. (ECF No. 74.) Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days, but has not done so. Local Rule 230(*l*).

Accordingly, within thirty (30) days from the date of service of this order, Plaintiff is required to file either an opposition or a statement of non-opposition to Defendant's motion for summary judgment. If Plaintiff fails to comply with this order this action will be dismissed for failure to obey the court's order and failure to prosecute.

### IV. CONCLUSION

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to modify the scheduling order, filed on November 9, 2021, is granted;
2. All merits-based discovery in this action (not including discovery related to the issue of exhaustion) is stayed pending resolution of Defendant's motion for summary judgment;
3. The discovery and dispositive motion deadlines are vacated;
4. If needed, the court will reset the deadlines following resolution of the pending motion for summary judgment; and
5. Plaintiff is required to file an opposition or statement of non-opposition to Defendant's motion for summary judgment within thirty days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **December 18, 2021**                              **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE

3