UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>    Plaintiff,<br><br>    vs.<br><br>J. GARCIA,ANYTIME! et al.,<br><br>    Defendants. | **1:19-cv-00461-AWI-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE (ECF No. 10.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS** |

    Jerry Dillingham ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On April 9, 2019, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

    On November 9, 2021, Defendant Garcia filed a motion for summary judgment.  (ECF No. 74.)  Doc. 71.)  Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days but failed to do so..  Local Rule 230(*l*).  On January 27, 2022, Plaintiff filed a motion for extension of time to file an opposition, and on January 28, 2022,

1

the Court granted Plaintiff a thirty-day extension of time. (ECF Nos. 79, 80.) On February 28, 2022, Plaintiff filed a second motion for an extension of time, and on March 7, 2022, the Court granted Plaintiff another thirty-day extension. (ECF Nos. 81, 82.) The most recent thirty-day deadline has expired and Plaintiff has not filed an opposition or otherwise responded to the Court's order. Therefore, it will be recommended that this case be dismissed based on Plaintiff's failure to comply with the Court's order and failure to prosecute.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since April 9, 2019. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not amend his complaint. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an opposition to the motion for summary judgment that is causing delay. Therefore, the third factor weighs in favor of dismissal. Risk of prejudice to Defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the

Court from further unnecessary expenditure of its scarce resources. Plaintiff is a former prisoner proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. The dismissal being considered in this case is with prejudice, which is the harshest possible sanction. The Court finds this sanction appropriate in light of the fact that more than five months have passed since Defendant filed the motion for summary judgment, and Plaintiff has yet to file an opposition.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

The Court **HEREBY RECOMMENDS** that:

1. This action be dismissed, with prejudice, based on Plaintiff's failure to obey the Court's order issued on March 7, 2022, and failure to prosecute; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 29, 2022**          **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE