UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>    Plaintiff,<br><br>    vs.<br><br>J. GARCIA, et al.,<br><br>    Defendants. | 1:19-cv-00461-AWI-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**ORDER GRANTING PLAINTIFF ONE FINAL EXTENSION OF TIME**<br><br>**THIRTY-DAY DEADLINE TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 87.)** |

**I.    BACKGROUND**

Jerry Dillingham ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 9, 2019. (ECF No. 1.) This case now proceeds with Plaintiff's Second Amended Complaint filed on September 8, 2020, against defendant J. Garcia ("Defendant") for use of excessive force in violation of the Eighth Amendment. (ECF No. 34.)

On May 23, 2022, Plaintiff filed a motion for extension of time to file a response to Defendant Garcia's motion for summary judgment. (ECF No. 87.) He also filed a motion for appointment of counsel. (Id.)

**II.    MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to

represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel because he suffers from disabilities and has difficulty understanding the law. These are not exceptional circumstances under the law.  While the court has found that "Plaintiff states an excessive force claim against defendant J. Garcia for both the alleged excessive use of a pepper spray grenade, and for allegedly instigating and directing the attack on Plaintiff by inmate Soto," this finding is not a determination that Plaintiff is likely to succeed on the merits.  (ECF No. 43 at 12:1-3.)  Plaintiff's excessive force claims are not complex, and based on a review of the record in this case, Plaintiff can adequately articulate his claims and respond to court orders.  Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewing the motion at a later stage of the proceedings.

### III.     MOTION FOR EXTENSION OF TIME

Plaintiff requests a 60-day extension of time to find a pro bono ADA-qualified attorney to assist him with filing a response to Defendant's motion for summary judgment.  Plaintiff claims that he requires assistance because he is illiterate, has a speech impediment, and is slow to comprehend.  He also argues that Defendant's motion for summary judgment is complex.

However, the Court is aware that Plaintiff has filed numerous civil rights cases in this court, some of which are currently pending. The Court's record shows that Plaintiff has filed the following cases since 1999:

(1)  2:99-cv-1773-FCD-DAD (closed on July 9, 2002)

(2)  1:18-cv-00507 AWI-SAB (pending)

(3)  1:18-cv-00579-DAD-EPG (closed on May 16, 2022)

(4)  1:19-cv-00461-AWI-GSA (pending)

(5)  1:20-cv-01164-HBK (pending)

(6)  1:20-cv-01210-DAD-GSA (closed on August 2, 2021)

Despite his described disabilities, Plaintiff appears capable of filing and litigating cases without the aid of counsel. Here, Defendant's motion for summary judgment has been pending for more than six months, and Plaintiff has been granted three prior extensions of time to file a response. Plaintiff shall be granted **one final** thirty-day extension of time. If Plaintiff fails to file an opposition, or statement of non-opposition, to Defendant's motion for summary judgment within the thirty-day time period, the Court will rule on the merits of the motion without Plaintiff's response.

**1V.  CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is denied, without prejudice;
2. Plaintiff's motion for extension of time, filed on May 23, 2022, is granted in part;
3. Plaintiff is granted **one final** thirty-day extension of time in which to file an opposition or statement of non-opposition to Defendant's motion for summary judgment filed on November 9, 2021; and
4. If Plaintiff fails to file a response to the motion for summary judgment within the thirty-day time period, the Court shall rule on the merits of the motion without Plaintiff's response.

IT IS SO ORDERED.

Dated:  **June 3, 2022**           **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE