UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>       Plaintiff,<br><br>   vs.<br><br>J. GARCIA, et al.,<br><br>       Defendants. | 1:19-cv-00461-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

## I.  INTRODUCTION

Jerry Dillingham ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 9, 2019.  (ECF No. 1.)  This case now proceeds with Plaintiff's Second Amended Complaint filed on September 8, 2020, against defendant J. Garcia ("Defendant") for use of excessive force in violation of the Eighth Amendment.  (ECF No. 34.)

## II.  PROCEDURAL BACKGROUND

On November 9, 2021, Defendant Garcia filed a motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies before filing suit.  (ECF No. 74.)  Pursuant to Local Rule 230(*l*), Plaintiff was required to file an opposition or statement of non-opposition to the motion within 21 days, but has failed to do so.

On December 20, 2021, the Court issued an order requiring Plaintiff to file an opposition or statement of non-opposition to Defendant's motion for summary judgment within 30 days. (ECF No. 78.)  Plaintiff was forewarned that if he failed to comply with the order, this action would be dismissed for failure to obey the court's order and failure to prosecute. (Id.)  Plaintiff failed to comply with the court's order.

On April 29, 2022, the Court issued findings and recommendations, recommending that this case be dismissed for Plaintiff's failure to comply with the Court's order. (ECF No. 84.)  On May 16, 2022, Plaintiff filed objections to the findings and recommendations, requesting thirty days in which to locate *pro bono* counsel to represent him and to prepare a response to Defendant's motion for summary judgment. (ECF No. 86.)

On May 20, 2022, the Court withdrew the findings and recommendations issued on April 29, 2022, and granted Plaintiff a thirty-day extension of time to file a response to the motion for summary judgment. (ECF No. 86.)  On May 23, 2022, Plaintiff filed a motion for appointment of counsel, and another motion for extension of time. (ECF No. 87.)

On June 3, 2022, the Court issued an order denying the motion for appointment of counsel and granted Plaintiff one final thirty-day extension of time to file a response to the motion for summary judgment. (ECF No. 88.)  The thirty-day time period has passed and Plaintiff has not filed a response to the motion for summary judgment, or otherwise responded to the Court's order.

On July 15, 2022, Plaintiff notified the Court of his new address in Highland, California, and requested the Court to send him copies of any court documents mailed after July 7, 2022. (ECF No. 89.)  On July 25, 2022, the Court re-served its June 3, 2022 order on Plaintiff at his new address. (Court Record.)  More than thirty days have now passed since the Court re-served its order, yet Plaintiff still has not filed a response to the motion for summary judgment or otherwise responded to the Court's order.

It has now been more than ten months since Defendant filed his motion for summary judgment and Plaintiff has not filed an opposition or statement of opposition to the motion.

Therefore, it will be recommended that this case be dismissed, with prejudice, based on Plaintiff's failure to comply with the Court's order issued on June 3, 2022.

### III. DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). "'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since April 9, 2019. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not amend his complaint. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an opposition to the motion for summary judgment that is causing delay. Therefore, the third factor weighs in favor of dismissal.

Risk of prejudice to Defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is a former prisoner proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. The

dismissal being considered in this case is with prejudice, which is the harshest possible sanction. The Court finds this sanction appropriate in light of the fact that more than ten months have passed since Defendant filed his motion for summary judgment, and Plaintiff has yet to file an opposition or statement of non-opposition to the motion.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

**1V.     CONCLUSION and RECOMMENDATIONS**

Based on the foregoing, the Court finds that this case should be dismissed, with prejudice, based on Plaintiff's failure to comply with the Court's order.  Accordingly **IT IS HEREBY RECOMMENDED** that:

1. This case be dismissed, with prejudice, based on Plaintiff's failure to obey the Court's order issued on June 3, 2022; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 10, 2022**                          **/s/ Gary S. Austin**
                                                                           UNITED STATES MAGISTRATE JUDGE