UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>J. GARCIA, et al.,<br><br>　　　　　Defendants. | 1:19-cv-00461-AWI-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 100.)**<br><br>**ORDER FOREWARNING PLAINTIFF THAT HIS FAILURE TO ATTEND THE EVIDENTIARY HEARING WILL RESULT IN A RECOMMENDATION THAT THIS CASE BE DISMISSED**<br><br>　**Evidentiary Hearing**<br>　　Date:　Jan. 27, 2023<br>　　Time:　9:00 a.m.<br>　　Courtroom: 9<br>　　Before: SAB |

　　Jerry Dillingham ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case is scheduled for an Albino[1] evidentiary hearing on January 27, 2023 at 9:00 a.m. before Magistrate Judge Stanley A.

---

[1] Albino v. Baca, 747 F.3d 1162, 1168, 1170-1 (9th Cir. 2014).

1

Boone in Courtroom 9.  On January 3, 2023, Plaintiff filed a motion seeking the appointment of counsel to represent Plaintiff at the evidentiary hearing.  (ECF No. 100.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel because he is disabled under the Americans with Disabilities Act, wheelchair bound, illiterate, has a speech impediment, cannot afford to pay an attorney for representation, cannot afford to travel to the evidentiary hearing, and does not understand how to participate in the upcoming evidentiary hearing.  These are not exceptional circumstances under the law.  To participate in the evidentiary hearing, Plaintiff need only answer questions about his exhaustion of administrative remedies in this case. The Court finds that this issue is not complex.  Moreover, based on a review of the record in this case, Plaintiff can adequately articulate his claims and respond to court orders.  Thus, the court does not find the required exceptional circumstances and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.  In this regard, the Court takes Judicial notice of Eastern District Court case #18cv579 (Doc # 112 & 181).

With respect to Plaintiff's notice to the Court that he cannot afford to travel to the upcoming evidentiary hearing, Plaintiff is forewarned that his failure to attend the evidentiary hearing in person will likely result in a recommendation that this case be dismissed in its entirety.

The court finds that Plaintiff's presence at the hearing is necessary to a proper determination of the issue which is scheduled to be heard and determined on January 27.  In addition, the Court being aware of the proceedings in the above referenced case (Eastern District Court Case # 18 cv 579, including Doc # 199), orders Plaintiff to inform the Court by no later than January 20, 2023 at 5:00 p.m. whether he intends to be present at the January 27th evidentiary hearing and further, whether he wishes to continue to prosecute this case.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed on January 3, 2023, is DENIED, without prejudice;
2. Plaintiff is required to inform the court no later than 5pm on January 20 whether he intends to be present at the evidentiary hearing currently set for January 27, and further whether he intends to continue to prosecute this case; and finally,
3. Plaintiff's failure to attend the upcoming evidentiary hearing on January 27, 2023 at 9:00 a.m. will likely result in a recommendation that this case be dismissed in its entirety.

IT IS SO ORDERED.

Dated:   **January 7, 2023**              /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE