UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>        Plaintiff,<br><br>    vs.<br><br>J. GARCIA, et al.,<br><br>        Defendants. | 1:19-cv-00461-AWI-GSA-PC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**ORDER DENYING MOTION FOR RECUSAL OF MAGISTRATE JUDGE AUSTIN**<br><br>**(ECF No. 102.)** |

**I.      BACKGROUND**

Jerry Dillingham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 9, 2019.  (ECF No. 1.)

On January 19, 2023, Plaintiff filed a motion for reconsideration of the court's order denying him appointment of counsel.  (ECF No. 102.)  Plaintiff also brings a motion for recusal of Magistrate Judge Gary S. Austin from this case.[1]  (Id.)

---

[1] Plaintiff also filed a motion for recusal of District Judge Anthony W. Ishii from this case, which shall not be addressed in this order.

1

## II.  MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**Discussion**

On January 19, 2023, Plaintiff filed a motion for reconsideration of the court's order denying him appointment of counsel.  (ECF No. 102.)  Plaintiff has not set forth facts or law of

a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

### III.   MOTION FOR RECUSAL OF MAGISTRATE JUDGE

Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." Id. § 455(b).

A motion under § 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned." Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985)). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." U.S. v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980) (citing see, e.g., Nicodemus v. Chrysler Corp., 596 F.2d 152, 157 & n.10 (6th Cir. 1979)).

Plaintiff argues that the undersigned magistrate judge should recuse himself from this case if he continues to use cited law that discriminates against Plaintiff in denying his motion to appoint counsel.

Plaintiff's motion for recusal must be denied. The magistrate judge has the authority to rule on pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff has not supported his motion with any evidence that the undersigned has a personal bias against Plaintiff from an extra-judicial source. A judge's rulings while presiding over a case do not constitute extra-judicial conduct. In re Focus Media, Inc., 378 F.3d at 930. Plaintiff's disagreement with the court's ruling is not a legitimate ground for seeking disqualification.

### IV. PLAINTIFF IS REQUIRED TO APPEAR AT THE EVIDENTIARY HEARING

This case is scheduled for an evidentiary hearing on January 27, 2023 at 9:00 a.m. before Magistrate Judge Stanley A. Boone in Courtroom 9. Plaintiff is required to appear at the evidentiary hearing in person. On January 9, 2023, the court issued an order requiring Plaintiff to inform the court no later than January 20, 2023, at 5:00 p.m. whether he intends to be present at the Evidentiary Hearing and whether he intends to continue prosecuting this case. (ECF No. 101.) Plaintiff is again admonished that his failure to comply with the court's January 7, 2023 order, which includes a requirement that he personally appear at the evidentiary hearing set on the 27th of this month, will likely result in a recommendation that this case be dismissed in its entirety.

### V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on January 19, 2023, is DENIED;
2. Plaintiff's motion for the recusal of Magistrate Judge Gary S. Austin, filed on January 19, 2023, is DENIED;
3. Plaintiff is required to appear in person at the evidentiary hearing scheduled on January 27, 2023 at 9:00 a.m. before Magistrate Judge Stanley A. Boone in Courtroom 9; and
4. Plaintiff is again admonished that his failure to comply with the court's orders, including a failure to attend the evidentiary January 27 evidentiary hearing in person, will likely result in a recommendation that this case be dismissed in its entirety.

IT IS SO ORDERED.

Dated: **January 20, 2023**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE