UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>        Plaintiff,<br><br>    vs.<br><br>J. GARCIA, et al.,<br><br>        Defendants. | 1:19-cv-00461-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 101.)**<br><br>**OBJECTIONS, IF ANY DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Jerry Dillingham ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 9, 2019.  (ECF No. 1.)  This case now proceeds with Plaintiff's Second Amended Complaint filed on September 8, 2020, against defendant J. Garcia ("Defendant") for use of excessive force in violation of the Eighth Amendment.  (ECF No. 34.)

1         On December 16, 2022, this case was scheduled for an <u>Albino</u>[1] evidentiary hearing set for Friday, January 27, 2023, at 9:00 a.m. in Courtroom 9 before Magistrate Judge Stanley A. Boone. (ECF No. 99.) By separate order, this scheduled hearing has now been vacated as a result of Plaintiff's failure to comply with the Court's January 9, 2023 order. (ECF No. 104.) The history of this case, and the Court's efforts to assure that Plaintiff will appear in person at the evidentiary hearing, are documented in the court's previous orders. (<u>See</u>, e.g., ECF Nos. 101, 102, 103.)

        On January 3, 2023, Plaintiff filed a motion for appointment of counsel to represent him at the evidentiary hearing. (ECF No. 100.) In the motion, Plaintiff argued that he could not afford to travel to the evidentiary hearing. (<u>Id.</u>) On January 9, 2023, the Court denied the motion for appointment of counsel and found that Plaintiff's presence at the hearing was necessary to a proper determination of the exhaustion issue scheduled to be heard on January 27, 2023. (ECF No. 101.) Because Plaintiff's motion appeared to indicate that he did not intend to appear at the evidentiary hearing, the Court ordered Plaintiff to notify the Court in writing by no later than January 20, 2023 at 5:00 p.m. as to whether: 1- he intended to attend the January 27th evidentiary hearing in person; and, 2- whether he intended to continue to prosecute this case. (<u>Id.</u>) Plaintiff was served with the Court's order at his address of record in Victorville, California, which Plaintiff used as his address in his motion filed on January 19, 2023. Plaintiff was explicitly warned that his failure to appear in person at the evidentiary hearing would likely result in a recommendation that this case be dismissed in its entirety. (<u>Id.</u>) In direct disregard of the court's order, Plaintiff has neither notified the court of his intent to personally appear at the January 27th hearing, nor whether he intends to continue to prosecute this case.

        On January 19, 2023, Plaintiff filed a motion for reconsideration of the court's January 9, 2023 order, along with a request that the undersigned recuse himself from this case.[2] (ECF No.

---

[1] <u>Albino v. Baca</u>, 747 F.3d 1162 (9th Cir. 2014.)

[2] Plaintiff also requested that District Judge Anthony W. Ishii recuse himself from this case, which shall not be addressed in this order.

102.) On January 23, 2023, the Court denied the motion for reconsideration and the request for recusal. (ECF No. 103.) The Court also reminded Plaintiff that he is required to appear in person at the evidentiary hearing set on January 27, 2023 at 9:00 a.m., and that he must inform the court no later than January 20, 2023 at 5:00 p.m. whether he intends to be present at the evidentiary hearing, and whether he intends to continue to prosecute this case. (Id.)

As mentioned above, other than Plaintiff's motion for reconsideration filed on January 19, 2023, Plaintiff has not responded as to whether he intends to be present at the January 27, 2023 evidentiary hearing, nor whether he intends to continue prosecuting this case. The Court takes Plaintiff's failure to address these specific questions as a clear indication that he will not only not appear at the January 27th evidentiary hearing, but will continue to disregard the proper orders of this court and continue to fail to prosecute this case. Plaintiff has a history with this court of just such intransigence. In a case with some striking similarities to this case, and of which the court takes judicial notice, is Jerry Dillingham v. F. Garcia, local case no. 1:18-cv-00579, wherein the Court, facing a similar situation, "explicitly warned that his failure to notify the court of his intent to proceed in person would result in the issuance of an order finding that plaintiff had declined to personally appear at his trial and dismissing this case due to plaintiff's failure to prosecute" (1:18-cv-00579, ECF No. 199). Upon this finding the court in that case on May 16, 2022, ordered Plaintiff's case dismissed for failure to prosecute. Importantly, just prior to the May 16th dismissal order, Mr. Dillingham had failed to appear at a Status Conference which was held on May 2, 2022 (1:18-cv-00579, ECF No. 206). At the May 2, 2022 hearing Judge Drozd stated, referring to Mr. Dillingham, "He refuses to be helped and yet demands that he be provided assistance." (ECF No. 206 at 5:15-16.) Most importantly, this finding by Judge Drozd is equally true here where Plaintiff claims that his current ADA status "prevents him on his own representing himself nor assisting an attorney as co counsel." (ECF No. 100.) Importantly, regarding Mr. Dillingham's claim that he is not able to afford to travel to the January 27 hearing (ECF No. 100), it should be noted that after his custodial release from the RJ Donovan Center in San Diego, California he has filed the following change of addresses with the court in the current case, all of which appear to be to non-custodial residential addresses: 1- on 10/14/21

Plaintiff's filed a change of address to 2036 Milton St., Riverside (ECF No. 72); 2- on 12/7/21 Plaintiff filed change of address to 2007 North Lugo Ave., San Bernardino (ECF No. 77); 3- on 7/15/22 Plaintiff again filed a notice of change of address to 3076 Havasu Ct., Highland, Ca (ECF No. 89); and most recently, 4- on 12/12/22 Plaintiff filed a change of address to 17238 Dante St., Victorville, Ca (ECF No. 98). These moves, if in fact Plaintiff actually moved to these addresses, and they are in fact residential noncustodial homes, these moves would to a large extent contravene Plaintiff's claims that he does not have the funds to travel. (See, ECF No. 100.)

In sum, by failing to comply with the Court's January 9, 2023 order directing that Plaintiff notify the Court of his intentions by 5:00 p.m. on January 20, 2023, Plaintiff has interfered with the Court's ability to properly conduct its business and provide for the orderly administration of justice. In response to Plaintiff's failure to comply, the Court vacated the January 27, 2023 evidentiary hearing by separate order (ECF No. 104). Now, by this order, the Court shall recommend that this case be dismissed in its entirety, with prejudice. District courts retain broad discretion to control their dockets and "[in] the exercise of that power they may impose sanctions including default or dismissal," which includes when a party has "engaged in conduct utterly inconsistent with the orderly administration of justice." Perez v. Smith, No. 1:20-cv-00840-DAD-SAB (PC), 2022 U.S.Dist.LEXIS 19406 at *4-5 (E.D.Cal. Feb. 2, 2022) (citation and quotation marks omitted). Additionally, Federal Rule 41(b) grants district courts the authority to dismiss actions for failure to prosecute or to comply with court orders. (Much v. Langston, No. CV 16-0863 VAP (SS) (C.D.Cal. Oct. 23, 2018), 2018 U.S.Dist.LEXIS 192399 at *10) (citations and quotation marks omitted), of which both circumstances exist here.

In determining whether to dismiss this action for failure to comply with the directives set forth in its orders, the Court must weigh the following factors: 1- the public's interest in expeditious resolution of litigation; 2- the court's need to manage its docket; 3- the risk of prejudice to defendants/respondents; 4- the availability of less drastic alternatives; and, 5- the public policy favoring disposition of cases on their merits. (Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since April 9, 2019.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance the Court cannot continue to expend its scarce resources assisting a litigant who will not notify the Court whether he intends to personally appear at his evidentiary hearing or intends to continue prosecute his case.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to notify the Court of his intentions that is causing delay.  Therefore, the third factor weighs in favor of dismissal.  Risk of prejudice to Defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is a former prisoner proceeding *pro se* and *in forma pauperis* in this action, making monetary sanctions of little use, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available.  The dismissal being considered in this case is with prejudice, which is the harshest possible sanction. The Court finds this sanction appropriate in light of the fact that Plaintiff's failure to comply with the Court's order has caused the Court to vacate the evidentiary hearing for this case.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

The Court **HEREBY RECOMMENDS** that:

1. This case be dismissed, with prejudice, based on Plaintiff's failure to obey the Court's order issued on January 9, 2023, and failure to prosecute; and

      2.      The Clerk be directed to close this case.

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **ten (10) days** after the objections are filed. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **January 24, 2023**              **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE