UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>        Plaintiff,<br><br>    vs.<br><br>J. GARCIA, et al.,<br><br>        Defendants. | 1:19-cv-00461-AWI-GSA-PC<br><br>**ORDER DENYING MOTION TO APPEAR REMOTELY AND MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 107.)** |

**I.    BACKGROUND**

Jerry Dillingham ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 9, 2019.  (ECF No. 1.)

This case was scheduled for an evidentiary hearing to take place on January 27, 2023 at 9:00 a.m. before Magistrate Judge Stanley A. Boone.  However, on January 24, 2023 the hearing was vacated as a result of Plaintiff's failure to comply with the Court's January 9, 2023 order requiring Plaintiff to notify the Court by January 20, 2023 whether he intended to be present at the January 27th hearing and additionally whether he intended to continue prosecuting this case.  (ECF No. 104.) On January 25, 2023, findings and recommendations were issued recommending that this case be dismissed with prejudice for Plaintiff's failure to comply with the Courts January 9, 2023 order.  (ECF No.)  On February 3, 2023 Plaintiff filed objections to the findings and

recommendations requesting the Court to reopen this case and put the Albino evidentiary hearing back on calendar. (ECF No. 106.) This motion awaits a ruling from Judge Ishii and will not be addressed here.

Relevantly, on February 3, 2023 (ECF No. 107), Plaintiff filed another motion requesting to appear remotely and again for reconsideration of the court's order denying him appointment of counsel (assuming here that Plaintiff is referring to the Court orders of January 9, 2023 (ECF No. 101), and the Courts subsequent order of January 23, 2023, which denied Plaintiffs motion for reconsideration of the January 9th denial of appointment of counsel (ECF No. 103).

## II.     MOTION TO APPEAR REMOTELY

Plaintiff seeks to appear by remote means at the next evidentiary hearing and at future court hearings. However, currently there are no court hearings scheduled, and more significantly there is a Finding and Recommendation pending before Judge Ishii to dismiss this case in its entirety. Thus, this request is premature and shall be denied without prejudice to refiling it in the event the Finding and Recommendation filed on January 25 are not adopted. (ECF No. 105).

It should be noted though that in case 1:18-cv-00579-DAD-EPG, Dillingham v. Garcia, the Court held a status conference remotely on May 2, 2022, at which Plaintiff failed to appear. (ECF No. 189.) On May 2, 2022, the court as a result of Plaintiff's non appearance issued an order to show cause requiring Plaintiff to notify the court whether he intended to proceed to trial without counsel, or whether he intended to no longer prosecute this case. (ECF No. 189.) In addition, the court noted that it had previously denied Plaintiff's request for counsel on 3 separate occasions. Ultimately after some further proceedings, on May 16, 2022 the case was dismissed by Judge Drozd due to Plaintiff's failure to obey a court order and failure to prosecute (ECF No. 199).

## III.    MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**Discussion**

On February 3, 2023, Plaintiff filed a motion for reconsideration of the court's January 9, 2023 order denying him appointment of counsel. (ECF No. 102.) This is Plaintiff's second motion for reconsideration of the January 9th order and therefore the court construes it as a motion for reconsideration of the January 23, 2023 order denying Plaintiff's January 19, 2023 motion for reconsideration. (ECF No. 103.)

Plaintiff argues that he needs assistance with this litigation. He asserts that he is illiterate and cognitively and physically disabled. He credits an unpaid jailhouse lawyer for assisting him

to this stage of the litigation by explaining court documents to him and preparing and filing documents on Plaintiff's behalf. Plaintiff asserts now that he is no longer in prison he has no one to help him.[1]

The court has already denied Plaintiff's requests for counsel twice in this case. (ECF Nos. 88, 101.) Plaintiff has argued that he cannot read or write and does not understand legal issues. Yet, since 1993, Plaintiff has filed 12 civil rights cases in Kentucky and California, and litigated the cases *pro se*. (Pacer Search.) Plaintiff has not described extraordinary or highly unusual circumstances warranting the appointment of counsel in this case18cv579.

Finally, the court's order of May 16, 2022, in local case 18cv579 (ECF Doc No. 199) clearly demonstrates that granting Plaintiff's motion for reconsideration in this case would most likely end up of having the same end result as the one in case 18cv579.

Therefore, because Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision, Plaintiff's motion for reconsideration shall be denied.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appear remotely at the next and future evidentiary hearing is DENIED without prejudice; and
2. Plaintiff's motion for reconsideration of the court's order denying appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **February 10, 2023**            **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff acknowledges that he still has occasional assistance from the person who helped him prepare this motion. (ECF No. 107 at 2:27.)